UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALI MOHAMMADI,<br><br>  Petitioner,<br>v.<br><br>KRISTI NOEM, et al.,<br><br>  Respondents. | Case No. 2:26-cv-00032-GMN-EJY<br><br>**SERVICE ORDER** |

Petitioner Ali Mohammadi, an immigration detainee who is challenging the lawfulness of his federal detention at the Henderson Detention Center, has filed a counseled Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, filed two Exhibits, and paid his filing fee. (ECF Nos. 1, 1-1, 1-2.) Following a preliminary review of the Petition under the Rules Governing Section 2254 Cases,[1] the Court finds that the Petition establishes a *prima facie* case for relief, and thus directs that it be served on the United States Attorney's Office for the District of Nevada and sets a briefing schedule.

**IT IS HEREBY ORDERED** that the Clerk of Court is kindly directed to:

1. **DELIVER** a copy of the Petition (ECF No. 1), Exhibits (ECF Nos. 1-1, 1-2), and this Order to the United States Marshal for service.

2. **ADD** the United States Attorney for the District of Nevada and Reggie Radar to the docket as Interested Parties.

---

[1] The Court exercises its discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

3. **SEND**, a copy of the Petition (ECF No. 1), Exhibits (ECF Nos. 1-1, 1-2), and this Order to the United States Attorney's Office for the District of Nevada, through CM/ECF, in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) at:

   1) Sigal.Chattah@usdoj.gov,

   2) summer.johnson@usdoj.gov,

   3) Veronica.criste@usdoj.gov, and

   4) caseview.ecf@usdoj.gov,

4. **MAIL** a copy of the Petition (ECF No. 1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to:

   1) Kristi Noem, Secretary, United States Department of Homeland Security, 245 Murray Lane SW, Washington, DC 20528

   2) Todd Lyons, Acting Director for U.S. Immigration and Customs Enforcement, 500 12th Street, SW, Washington, DC 20536

   3) Thomas E. Freeley, 2975 Decker Lake Drive Suite 100, West Valley City, UT 84119-6096

   4) Reggie Radar, Police Chief, Henderson Detention Center, 18 E Basic Road, Henderson, NV 89015

   5) Pamela Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC, 20530

**IT IS FURTHER ORDERED** that the United States Marshal **SERVE** a copy of the Petition (ECF No. 1), Exhibits (ECF Nos. 1-1, 1-2), and this Order on the United States

Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that counsel for Respondents file a notice of appearance within 7 days of the date of this Order and file and serve their answer to the Petition within 14 days of the date of this Order, unless additional time is allowed for good cause shown. Respondents must file any documents referenced or relied upon in their responsive pleading with that pleading.[2] Mohammadi will then have 7 days to file a reply.

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that Respondents shall not transfer Mohammadi out of this District, with the exception of effectuating Petitioner's lawful deportation.[3]

**DATED** this __8__ day of January, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[2] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

[3] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").