**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALI MOHAMMADI,

Petitioner,

vs.

MARKWAYNE MULLIN, *et al.*,[1]

Respondents.

Case No.: 2:26-cv-00032-GMN-EJY

**ORDER DENYING MOTION TO ENFORCE**

Pending before the Court is Petitioner Ali Mohammadi's Motion to Enforce, (ECF No. 19). Federal Respondents Kristi Noem, Todd Lyons, Thomas E. Freeley, Pamela Bondi, the Executive Office for Immigration Review, and United States Immigration and Customs Enforcement did not file a Response, and the time to do so has passed. (*See* Mot. Enforce, ECF No. 19) (setting a March 6, 2026, deadline for Responses).

For the reasons discussed below, the Court DENIES Petitioner's Motion to Enforce.

## I. BACKGROUND

Petitioner Ali Mohammadi is a citizen of Afghanistan who entered the United States on December 15, 2024, under a grant of humanitarian parole under 8 U.S.C.A. § 1182(d)(5). (Pet. 1:3–5, ECF No. 1). Removal proceedings were commenced pursuant to a Notice to Appear ("NTA") on the same day. (*Id.* 2:13–14). The NTA set a hearing before an Immigration Judge ("IJ") for May 17, 2028. (NTA, Ex. 1 to Pet., ECF No. 1-1). Petitioner has no criminal history and has complied with all conditions imposed by the Department of Homeland Security ("DHS"). (*Id.* 1:6). On December 29, 2025, Petitioner appeared for a scheduled ICE

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary of Homeland Security Markwayne Mullin is substituted for the currently named Kristi Noem, and U.S. Attorney General Todd Blanche is substituted for the currently named Pamela Bondi. The Clerk of Court is kindly directed to update the docket to reflect these substitutions.

appointment, where he was informed that he would be taken into custody because he had not been "properly vetted." (*Id.* 1:7–9). No individualized findings were made, and DHS cited no conduct, criminal history, or additional concerns that Petitioner was a flight risk or a danger to the community. (*Id.* 1:9–11).

On February 9, 2026, this Court granted Petitioner's Petition for Writ of Habeas Corpus and ordered Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). (Order 9:4–5, ECF No. 17). Thereafter, Petitioner received a bond hearing on February 12, 2026. (Mot. Enforce 3:10–11). The presiding immigration judge determined that Petitioner was a flight risk and set bond in the amount of $20,000. (*Id.* 3:13–14). Although Petitioner was able to post the bond, he explains that doing so exhausted the limited financial resources of Petitioner, his family, and his community. (*Id.* 4:14–16). Petitioner now requests that the Court modify that bond amount or order a new bond hearing. (*Id.* 11:9–19).

## II. <u>DISCUSSION</u>

Petitioner argues that the Court should modify or set aside the bond amount ordered by the presiding immigration judge because the result of Petitioner's bond hearing frustrates the habeas relief granted by the Court. (*Id.* 6:21–26). Specifically, Petitioner contends that the immigration judge's conclusion that Petitioner was a flight risk was speculative and unsupported by the record. (*Id.* 7:1–24). Petitioner further avers that because the high bond amount was functionally unattainable, it effectively served to preserve Petitioner's detention, rendering the relief ordered by this Court hollow. (*Id.* 7:25–8:20).

The Court cannot grant the additional relief Petitioner requests for two reasons. First, the Court lacks the authority to review the reasonableness of the amount of bond set by the immigration judge. Section 1226(e) of the Immigration and Nationality Act provides: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under

this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Under that statute, courts cannot "second guess the [immigration judge's] discretionary assessment of the bond amount" required to secure the Petitioner's presence at a removal hearing. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008); *see also Sambuev v. Andrews*, No. 1:25-cv-01814-DJC-AC, 2026 WL 42385, at *1 (E.D. Cal. Jan. 7, 2026) (holding that court lacked authority to review reasonableness of amount of bond of an individual detained pursuant to § 1226(a)).

Second, to the extent that Petitioner seeks review of the immigration judge's determination that Petitioner poses a flight risk, the Court's jurisdiction to review that determination is limited. *See Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). District courts review both dangerousness findings and flight risk findings under an abuse of discretion standard. *Id.*; *Zaitsev v. Warden*, No. 2:26-cv-00454-SPG-AS, 2026 WL 391429, at *10 (C.D. Cal. Feb. 9, 2026) (collecting cases and concluding that under *Martinez*, district courts may review flight risk findings under an abuse of discretion standard). The abuse of discretion standard is "deferential." *Martinez*, 124 F.4th at 784. "That deference reflects Congress's decision to cabin judicial review in removal proceedings." *Id.* (citations and quotations omitted). Under the abuse of discretion standard, the Court may not "reweigh evidence," and the Court should "generally, in the absence of any red flags," accept that the immigration authorities applied the proper standards. *Id.* at 785.

Here, Petitioner has failed to demonstrate that the immigration judge's flight risk finding constituted an abuse of discretion. The immigration judge applied the correct burden of proof and referenced multiple facts which rationally supported their finding that Petitioner was a flight risk. (*See* Mot. Enforce 3:15–21). While Petitioner contends that those facts were not sufficient to support a flight risk finding, this Court cannot "reweigh evidence." *Martinez*, 124 F.4th at 785. Ultimately, the Court cannot grant the requested relief simply because Petitioner

"disagrees with the merits of the immigration judge's decision." *Singh v. Bowen*, No. 5:26-cv-00486-MCS-PVC, 2026 WL 485760, at *4 (C.D. Cal. Feb. 19, 2026). Accordingly, the Court DENIES Petitioner's Motion to Enforce.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Motion to Enforce, (ECF No. 19), is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 25(d), U.S. Attorney General Todd Blanche is substituted for the currently named Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted for the currently named Kristi Noem. The Clerk of Court is kindly directed to update the docket to reflect these substitutions.

The Clerk of Court is kindly directed to close this case.

**DATED** this 29 day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT